**LENA A. GAINER, as Administratrix of the Estate of S. A. GAINER, deceased, v. CHARLES W. WANDECK, R. H. DAFFIN, S. F. IRWIN and MARY IRWIN.**

29 So. (2nd) 20                                    January Term, 1947
February 7, 1947                                    Division B
Rehearing Denied February 26, 1947

*James H. Finch,* for appellant.

*Hayes Lewis, Jr.,* for appellee.

BARNS, J.:

S. A. Gainer died in 1930 and a tax certificate on land of the decedent was issued in 1931 which R. H. Daffin the defendant-appellee purchased. A Tax Deed to Daffin was in 1939 issued based on this certificate but it was fatally defective because of lack of adequate publications of the notice.

After procuring the Tax Deed Daffin in February 1939 procured a quit claim deed from all the heirs at law whereby they *remised, quit claimed* and *released* the property unto the said Daffin.

On October 16, 1936 the County Judge's Court pursuant to Section 5630 C.G.L.; Section 7, Chapter 7854, Acts 1919, had authorized the administratrix to take possession of the real estate in question for the purposes of selling same in order that the debts of the estate might be paid. Under the law at that time title to land of a decedent passed to the heirs at law (see Section 6 Chapter 7854 supra) and an administratrix had no right to take possession of such real property without being specially authorized so to do by an order of the County Judge's Court.

It appears that defendants have not had the statutory adverse possession of the property for the seven years prior to the institution of this suit.

It further appears that defendants have not had the actual occupancy and use of the land for a period of four years prior to the bringing of the suit so as to vest the holder of a Tax Deed with title of adverse possession as provided by Section 196.06 F.S.A. 1941 F.S.A.

From the foregoing it appears that no rights have attached by reason of the void tax deed; that the quit claim deed was executed by the heirs at a time when they neither had possession nor the right of possession and at a time when possession was in the administratrix (custodi legis) for the benefit of creditors.

It appears that plaintiff is entitled to have the tax deed decreed to be void and to a decree enjoining the defendants from asserting any claim to said property as against any grantee of plaintiff as administratrix and enjoining said defendants from making any deeds to or otherwise dealing in respect to the said property so as to interfere with the possession and sale of said property pursuant to the order of the County Judge's Court.

It is possible that the possession of the administratrix may terminate before sale—by the reason of payment of the debts from other sources or otherwise—in which event the injunction should terminate. It should be for the benefit of sale by the administratrix and the purchasers at sale and their privies, and not the heirs who have executed the quit claim deed.

Reversed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.